IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MUHAMMAD AL-AMEEN, ) | |
| f.k.a., TERRY D. RIVERS, ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 1:05-CV-1146-T |
| ) | |
| HOUSTON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff challenges actions taken against him during his confinement in the Houston County Jail.

Upon review of the complaint, the court concludes that the Houston County Jail should be dismissed from this cause of action prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

The plaintiff names the Houston County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v.*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that the plaintiff's claims against the Houston County Jail are due to be dismissed.  *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Jail be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Houston County Jail be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against defendants Bonin, Richardson, Moore and Moon, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before December 22, 2005 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of December, 2005.

                         /s/Charles S. Coody  
                   CHARLES S. COODY  
                   CHIEF UNITED STATES MAGISTRATE JUDGE